IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,          ORDER

          v.          03-cr-135-bbc-1

RANDALL E. SPRINGEN,

          Defendant.

---

A hearing on the probation office's petition for judicial review of Randall E. Springen's supervised release was held on September 27, 2017, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Meredith Duchemin. Defendant was present in person and by counsel William Jones. Also present was U.S. Probation Officer Jelani Brown.

From the record I make the following findings of fact.

### FACTS

Defendant was sentenced in the Western District of Wisconsin on April 20, 2004, following his conviction for distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 160 months, to be followed by a three-year term of supervised release. On February 14, 2015, defendant began his term of supervised release.

1

Defendant violated Standard Condition No. 3, requiring him to answer truthfully all inquiries by the probation officer and to follow the instructions of the officer. Although defendant was told on June 27, 2017, to report to the probation office on July 7, 2017, at 10:00 a.m., he failed to report as instructed and told his probation officer that he believed the scheduled appointment was on July 11, 2017. The probation officer disagreed but rescheduled the appointment for July 11, 2017. Defendant failed to follow that instruction and did not report for the July 11 appointment. He later told his probation officer that he had been in the hospital for MRSA treatment.

On July 27, 2017, defendant admitted that he had a substance abuse problem and agreed to submit to sweat patch testing, as instructed by his probation officer. The officer told defendant to report to the probation office on August 10, 2017, to have his sweat patch removed. On August 11, 2017, defendant told the officer that he did not report on August 10, 2017, because he was again being treated for MRSA. He said that he had removed the sweat patch approximately five days earlier and had the patch in his possession.

On August 17, 2017, defendant informed his probation officer that his MRSA problem was in remission. Defendant was instructed by his probation officer to report to Attic Residential Services for substance abuse treatment on August 24, 2017, no later than 2:00 p.m. Defendant failed to follow this instruction. He reported that he was hospitalized again for MRSA treatment and could not report as instructed. On September 1, 2017, defendant reported to Attic, but left the facility at 6:45 p.m. to pay a debt. Although the probation officer directed defendant to return to the treatment facility by 8:30 p.m., he failed to return to the treatment facility as instructed.

Defendant violated Standard Condition No. 7 of his supervised release prohibiting

him from using illegal drugs. He submitted a urine specimen that tested positive for cocaine and opiates on June 27, 2017. Defendant admitted that he used cocaine on June 24, 2017, and explained that his girlfriend had cautioned him about using cocaine because she knew that he had to see his probation officer that day. In response, defendant told his girlfriend that he was "not going to change his routine." On July 27, 2017, defendant submitted another urine specimen that tested positive for cocaine and opiate. He again admitted using cocaine and opiates; however, he claimed that the opiates were prescribed for him by a physician. The probation officer asked defendant to produce a valid prescription but defendant never did so.

On September 1, 2017, defendant reported to Attic Residential Services in Madison, Wisconsin, to participate in a residential substance abuse treatment program. Defendant was discharged from the program after he refused to return to the facility because, he said, he did not want to be housed in the same treatment facility with sex offenders.

CONCLUSIONS

Defendant has had difficulty conforming his behavior to the probation office's expectations, including following the officer's instructions, abstaining from drug use and participating fully in substance abuse treatment. However, it appears that he is eager to make a new attempt at completing the 27-day residential treatment program at Attic Correctional Services in Madison, Wisconsin.

Ordinarily, defendant's violations would warrant revocation. However, both the government and defense counsel believe that defendant should have another opportunity to complete the Attic residential treatment program, and the supervising probation officer

agrees. Defendant is aware that his failure to complete the program will likely lead to further incarceration.

ORDER

IT IS ORDERED that sentencing in this case is postponed for approximately 60 days, during which time defendant is to remain on supervised release and comply with the conditions of that supervision as previously ordered on April 20, 2004. He is to be placed in the 27-day residential treatment program at Attic Correctional Services in Madison, Wisconsin, and comply with the rules of the program. My ultimate sentencing decision will depend in large part on defendant's conduct during the next 60 days. The probation officer is to report any noncompliant behavior on defendant's part to the court. If such behavior occurs, it may result in an expedited sentencing.

Entered this 28th day of September, 2017

BY THE COURT:

/s/

Barbara B. Crabb
U.S. District Judge